1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DAVID ANTHONY FALLON,                 No. CIV.S-06-1601 GEB DAD PS
                                           No. CIV.S-06-1664 LKK DAD PS
12            Plaintiff,                    No. CIV.S-06-1680 GEB DAD PS
                                           No. CIV.S-06-1753 GEB DAD PS
13       v.                                No. CIV.S-06-1789 MCE DAD PS
                                           No. CIV.S-06-1879 GEB DAD PS
14   UNITED STATES GOVERNMENT,             No. CIV.S-06-1880 FCD DAD PS
                                           No. CIV.S-06-1926 WBS DAD PS
15            Defendant.                    No. CIV.S-06-1995 GEB DAD PS

16                                         ORDER AND

17   _____/             FINDINGS AND RECOMMENDATIONS

18

19           Plaintiff, proceeding in these actions pro se, has

20   requested leave to proceed in forma pauperis pursuant to 28 U.S.C.

21   § 1915.  These proceedings were referred to this court by Local Rule

22   72-302(c)(21), pursuant to 28 U.S.C. § 636(b)(1).  While the

23   proceedings have not been related or consolidated pursuant to the

24   Local Rules, in the interest of judicial economy, the undersigned

25   issues this Order and Findings and Recommendations in each of the

26   above-listed actions.

                                    1

1          In each of the above-listed actions, plaintiff has

2   submitted an affidavit making the showing required by 28 U.S.C.

3   § 1915(a)(1).  Accordingly, the requests to proceed in forma pauperis

4   will be granted.

5          Plaintiff's complaints in these actions vary from one to

6   three pages in length, excluding exhibits.  Most of the complaints

7   are handwritten and only partially legible.  Each of the complaints

8   names the same defendant, "United States Government," and are for the

9   most part unintelligible.  In sum, the complaint in No. CIV.S-06-1664

10  LKK DAD PS appears to challenge the United States Supreme Court's

11  rejection of mail sent to the court by plaintiff and prays for "five

12  hundred trillion dollars"; the complaint in No. CIV.S-06-1680 GEB DAD

13  PS objects to the construction of a courthouse in San Mateo County

14  and seeks "one hundred trillion dollars"; the complaint in No. CIV.S-

15  06-1753 GEB DAD PS apparently seeks one million dollars for property

16  damage resulting from "a steel rod ... found in the engine pan of two

17  cars owned by plaintiff"; the complaint in No. CIV.S-06-1789 MCE DAD

18  PS asks that United States Magistrate Judge Gregory G. Hollows and an

19  unidentified Assistant United States Attorney be directed to appear

20  on plaintiff's behalf at certain court proceedings in San Mateo

21  County; and the complaint in No. CIV.S-06-1995 GEB DAD PS seeks "five

22  hundred trillion dollars" in connection with the "tooth loss" of

23  teenagers.[1]  Finally, the complaints in No. CIV.S-06-1601 GEB DAD PS,

24  No. CIV.S-06-1879 GEB DAD PS, No. CIV.S-06-1880 FCD DAD PS and No.

25

26          [1] In all other respects this complaint is indecipherable.

2

1 CIV.S-06-1926 WBS DAD PS each concern the alleged construction of an

2 underground freezer cemetery system by the United States government.

3 Those complaints seek no specific relief other than the filing of

4 plaintiff's complaints, which would purportedly create a record of

5 the alleged government-constructed cemetery system.

6          In any event, as is the case with other complaints

7 plaintiff has filed in this court over approximately the last

8 eighteen months,[2] no basis for federal jurisdiction is alleged in the

9 recently filed complaints.  The undersigned finds that the court

10 lacks subject matter jurisdiction over these actions.  See Bell v.

11 Hood, 327 U.S. 678, 682 (recognizing that a claim is subject to

12 dismissal for want of jurisdiction where it is "wholly insubstantial

13 and frivolous" and "so patently without merit"); Hagans v. Levine,

14 415 U.S. 528, 543 (stating that a claim may be dismissed for lack of

15 jurisdiction where it is "so insubstantial, implausible, foreclosed

16 by prior decisions of this Court or otherwise completely devoid of

17 merit as not to involve a federal controversy within the jurisdiction

18 of the District Court").  See also Franklin v. Murphy, 745 F.2d 1221,

19 1227 (9th Cir. 1984)("A paid complaint that is 'obviously frivolous'

20 does not confer federal subject matter jurisdiction and may be

21 dismissed sua sponte before service of process.")(citations omitted).

22 Accordingly, the undersigned will recommend that these actions be

23 _____

24          [2] These other complaints were filed in No. CIV.S-05-0509 MCE DAD
PS; No. CIV.S-05-1431 LKK DAD PS; No. CIV.S-05-2132 MCE DAD PS;  No.
CIV.S-05-2228 MCE DAD PS; No. CIV.S-06-0416 MCE DAD PS; No. CIV.S-06-

25 1030 LKK DAD PS; No. CIV.S-06-1292 GEB DAD PS; No. CIV.S-06-1402 GEB
DAD PS; No. CIV.S-06-1492 MCE DAD PS; and No. CIV.S-06-1494 DFL DAD

26 PS.

1   dismissed with prejudice for lack of subject matter jurisdiction.

2   Based on plaintiff's history of filing obviously frivolous actions,

3   granting leave to amend would be futile.

4           Accordingly, IT IS HEREBY ORDERED that:

5           1.   Plaintiff's requests for leave to proceed in forma

6   pauperis in the above-listed actions are granted;

7           2.   Plaintiff again is forewarned that the continued filing

8   of obviously frivolous actions over which this court lacks subject

9   matter jurisdiction may result in the imposition of pre-filing

10  sanctions; and

11          3.   The Clerk of the Court is directed to file and serve

12  this Order and Findings and Recommendations in each of the above-

13  listed actions.

14          IT IS HEREBY RECOMMENDED that these matters be dismissed

15  for lack of subject matter jurisdiction.  See Fed. R. Civ. P.

16  12(h)(3).

17          These findings and recommendations are submitted to the

18  United States District Judge assigned to the case, pursuant to the

19  provisions of 28 U.S.C. § 636(b)(1).  Within ten (10) days after

20  being served with these findings and recommendations, plaintiff may

21  file written objections with the court and serve a copy on all

22  parties.  Such a document should be captioned "Objections to

23  Magistrate Judge's Findings and Recommendations."  Plaintiff is

24  advised that failure to file objections within the specified time may

25  /////

26  /////

4

1  waive the right to appeal the District Court's order.   See <u>Martinez</u>

2  <u>v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

3  DATED: October 2, 2006.

4

5                                        DALE A. DROZD
                                         UNITED STATES MAGISTRATE JUDGE
6

7  DAD:th
   Ddadl\orders.prose\fallon.various.ifp.f&r.2
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26